Argued October 22, affirmed November 10, reconsideration denied
December 17, 1975, petition for review denied January 20, 1976

STATE OF OREGON, *Respondent, v.*
COLE DAVIS, JR. (No. 74 6096) (CA 4491),
*Appellant.*

541 P2d 1404

*Robert C. Cannon,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the briefs was Gary D. Babcock, Public Defender, Salem.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and THORNTON, Judges.

LANGTRY, J.

Defendant was convicted on jury trial of murder, ORS 163.115(1)(a),[1] and appeals from the resulting life sentence. It was conceded that defendant shot and killed the victim. He produced evidence of his excessive use of alcohol at the time of the shooting.

Defendant assigns three alleged errors by the court: (1) that the indictment for murder did not put him on notice of the state's intention to rely on reckless murder (*see* n 1, supra) and giving the state's requested instruction thereon prejudiced him; (2) that it was error to instruct that under ORS 161.055, 161.-295 and 161.305 defendant had the burden of proving insanity because those statutes are unconstitutional; and (3) that evidence of a previous incident or inci-

---

[1] ORS 163.115(1)(a) provides:

"(1) Except as provided in ORS 163.125 [manslaughter], criminal homicide constitutes murder when:

"(a) It is committed intentionally; or"

Paragraph (b) provides:

"(b) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life; or"

dents where defendant had carried or displayed a handgun should not have been allowed.

■ (1) Defense counsel excepted to the giving of the reckless murder instruction. The indictment charged that defendant "unlawfully and intentionally" shot the victim. Counsel in explaining his exception said, among other things: "* * * [T]he Indictment is related only to * * * intentional and not * * * the question of recklessness." This exception was sufficient to save the alleged error for appellate consideration.

In *State v. Draves,* 18 Or App 248, 258-60, 524 P2d 1225, Sup Ct *review denied* (1974), we said:

"* * * [T]he murder statute [ORS 163.115, n 1, supra] creates a single crime that can be committed in alternative ways. * * *

"* * * * * *

"The action element of intentional murder and reckless murder is the same—causing the death of another human being. The only distinction is in the accompanying mental state—intentional versus extreme recklessness. The accompanying mental states in murder cases, as in all other criminal cases, must usually be inferred from the evidence concerning the action element.

"* * * * * *

"What we have already said substantially disposes of defendant's claim that he was not on notice that reckless murder could be an issue in this case. * * * This is a single offense that can be committed in alternative ways. Any murder indictment, combined with a correct understanding of the murder statute, puts the defendant on sufficient notice of what he must defend against."

■ Defendant contends we did not properly consider the effect of what we said in *Draves* in the context of a case like this, where defendant allegedly showed he

was so intoxicated he could not form an intent. We reject this contention. What we said in *Draves,* quoted above, applied to this case.[2]

(2) No objection or exception forms a basis for the second assignment; hence, we will not consider it.

■ (3) Defendant, during his testimony on direct examination, implied that the only reason he was carrying a handgun at the time of the murder was that he was carrying $1,227 on his person and he needed the gun for protection. On cross-examination, he said: "* * * [O]ther than going hunting or something * * * I carried that same gun in my boot one other time." He then testified he had five or six handguns, but, somewhat equivocally, he could not remember taking any of them to a Mr. Schad's house (one of the times about which he was questioned was shortly before and on the night of the homicide) and was vague about which, if any, handgun he might have displayed there. Mr. Schad was called by the state as a rebuttal witness and, over objection of defense counsel, was allowed to testify about two occasions when defendant came to his home and during conversations had produced and displayed a handgun or guns he was carrying concealed on his person. For the purpose of impeachment of defendant's testimony this evidence had relevance. The trial court was well within the bounds of discretion in allowing it and need not have considered other reasons why it may have been admissible.

Affirmed.

---

[2] We rest this decision upon the language in State v. Draves, 18 Or App 248, 524 P2d 1225, Sup Ct *review denied* (1974), because the case has been appealed and argued on applicability of that case. We note that the indictment at bar alleged that defendant "unlawfully and intentionally" committed the act. This may raise another question: Did not the word "unlawfully" used therein comprehend ORS 163.115(1)(b), reckless murder? The briefs in *Draves* disclose that the indictment there used the same accusatory language, "unlawfully and intentionally."